This is an appeal from a judgment on the pleadings, upholding an agreement of the parties to be bound by the findings of an aerial survey. We affirm.
On October 19, 1973, W.H. McCullough and Alabama By-Products Corp. (ABC) agreed that McCullough would clear and windrow approximately 2500 acres of ABC's land for $43.50 an acre. After performance of the contract had begun, the parties orally agreed that McCullough would not clear certain acres but would be paid as if he had cleared them. ABC also *Page 510 
allegedly agreed to pay 10% more to offset increased fuel prices. A dispute arose over how much land had been cleared and what payment was due. On January 31, 1975, the parties agreed to submit the conflict to arbitration and to be bound by the report of Atlantic Aerial Surveyor, Inc. The report favored ABC and McCullough objected to it.
On November 26, 1975, McCullough filed suit in the Circuit Court of Jefferson County, seeking payment for work performed, including payment for the trees required to be left standing, payment for the 10% fuel adjustment increase and a restraining order against ABC to preserve the status quo of cleared land until the final determination.
The circuit court granted the temporary restraining order. In its answer ABC claimed that McCullough failed to state a claim upon which relief could be granted. ABC later filed a motion for judgment on the pleadings under Rule 12 (c) of the Alabama Rules of Civil Procedure (ARCP), on the ground that it appeared from the complaint and the exhibit attached stating that the survey "shall be binding on the parties" that no controversy existed. McCullough in response moved the court to quash ABC's motion on the grounds that a Rule 12 (c) motion is rarely granted and the exhibit does not preclude the bringing of this action.
In its judgment the circuit court stated that an exhibit made the basis of a cause of action and contradicting the averments of the pleadings of which it is a part will control the pleadings. The circuit court granted ABC's motion and McCullough appeals.
The only issue is whether a motion for judgment on the pleadings was properly granted when an exhibit attached to the complaint contradicted the allegation that a factual issue existed.
A Rule 12 (c) motion for judgment on the pleadings disposes of a case when the material facts are not in dispute. C. Lyons,Alabama Practice § 12.10 (1973). See 5 Wright Miller, FederalPractice and Procedure: Civil § 1367 (1969) (citing J.M. BlytheMotor Lines Corp. v. Blalock, 310 F.2d 77 (5th Cir. 1962)). In order to determine whether there is a dispute as to the material facts, the court considers the contents of the pleadings. Wright Miller, supra.
McCullough's pleadings merely alleged that a justiciable controversy existed. They did not contain any definite factual averments. On the other hand, McCullough attached as an exhibit a copy of the agreement to make a "full and final settlement of the dispute" by having an aerial survey made. This exhibit, in contrast to the allegations of the complaint, resolved any and all factual questions raised by the complaint.
Under Alabama law, an exhibit attached to a pleading is not only a part of it, but, in case of a variance between the allegations of the pleading and the exhibit attached thereto, the contents of the exhibit control. Doggett v. Hunt,93 F. Supp. 426 (S.D.Ala. 1950), appeal dismissed, 199 F.2d 152 (5th Cir. 1950). See, e.g., Twine v. Liberty National Life Ins.Co., 294 Ala. 43, 311 So.2d 299 (1975); McCay v. Big Town,Inc., 293 Ala. 582, 307 So.2d 695 (1975).
Allegations of fraud, corruption, collusion, partiality and the like cannot be read into the complaint in arbitration cases. See 5 Am.Jur.2d Arbitration Award § 186 (1962). Such allegations should have been made in an amended complaint, which McCullough failed to do, even after the circuit court granted the order of dismissal. Without them, no justiciable controversy exists. It is not the duty of the courts to create a claim which the plaintiff has not spelled out in the pleadings. Case v. State Farm Mut. Auto. Ins. Co., 294 F.2d 676
(5th Cir. 1961). *Page 511 
Where the plaintiff includes allegations that show on the face of the complaint that there is an insuperable bar to relief, dismissal is proper. Since the exhibit, which is controlling, fails to state a claim and since the pleadings do not contain sufficient allegations of fraud, collusion or the like, there is no dispute as to the material facts. Thus, the Rule 12 (c) motion was properly granted and ABC was entitled to a judgment as a matter of law.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.