PER CURIAM.
These appeals are from adverse judgments arising out of an accounting and arbitration award.
George L. Bailes, Jr., owns 50%, the Robert S. Vance Trust No. 2 owns 25%, and the William F. Vance Trust owns 25% of City Court Company, a general partnership; Bailes and the Robert S. Vance Trust No. 2 each owns 50% of City Court II Company, Ltd., a limited partnership, and City Court III Company, a general partnership. Robert S. Vance, Jr., is trustee for the Robert S. Vance Trust No. 2 and Louise S. Vance is trustee for the William F. Vance Trust. Bailes, doing business as Bailes Realty Company, managed the apartments owned by the partnerships described above.
Herbert L. Raburn, C.P.A., an employee of H.L. Raburn & Company, prepared tax returns for the partnerships in 1982. On November 23, 1983, Raburn was engaged to prepare the 1983 year-end tax returns for the partnerships and to arbitrate outstanding differences and balance all accounts between the partners of City Court Company, City Court II Company, and City Court III Company. The arbitration agreement executed by Bailes and the trustees set forth broad powers in Raburn as arbitrator, including a waiver of the rules and procedures of the American Arbitration Association and the requirements of notice and procedural rights, and allowed ex parte investigations as the arbitrator saw fit. Further, Bailes and the trustees acknowledged prior personal and professional dealings with Raburn and waived all grounds of disqualification. Furthermore, the parties agreed to the finality of the arbitrator’s award and agreed to pay reasonable compensation to Raburn for the tax preparation accounting work and arbitration, that compensation to be allocated among the partnerships. Based upon the agreement for voluntary arbitration, Raburn executed an oath as arbitrator on November 29, 1983.
On April 15, 1984, Raburn billed City Court Company $10,750 in accounting fees; however, as of September 1984, an unpaid balance of $4,250 remained. On January 15, 1985, Raburn submitted his final, written arbitration award and charged City Court Company and City Court I Company $7,500 each as an arbitration fee.
On January 15, 1986, Bailes filed a complaint against Raburn and against Robert and Louise Vance, as trustees, alleging that the arbitration had been conducted “negligently, wantonly and fraudulently” and therefore that the arbitration award was due to be set aside. As an exhibit to his complaint, Bailes attached a copy of the arbitration agreement. Pursuant to the trial court’s order requiring a more definite statement, Bailes filed an amended complaint on April 4, 1986, which alleged that *124 Raburn had acted fraudulently and with partiality in failing to award Bailes certain expenses Bailes had incurred on behalf of the partnerships and in failing to assess certain fees that Bailes felt were due him.
The trustees filed a motion to dismiss and an answer and counterclaim, requesting enforcement of the arbitration award or, in the alternative, a court-ordered accounting of the partnership assets. On May 22, 1986, Raburn filed a counterclaim for the unpaid accounting and arbitration fees.
In June 1986, the trial court entered an order dismissing Bailes’s complaint against Raburn and the trustees, holding that the allegations of the complaint were insufficient to establish fraud, partiality, or corruption on the part of the arbitrator.
On January 14, 1987, Raburn filed additional counterclaims against Bailes and Bailes’s attorney, John F. DeBuys, Jr., alleging abuse of process and intentional interference with business or contractual relations. On November 24, 1987, the trial court entered a summary judgment in favor of DeBuys as to Raburn’s counterclaims, and further allowed DeBuys to withdraw as counsel for Bailes and ordered that DeBuys interplead $7,500 held in escrow pertaining to the disputed arbitration fees.
On March 7, 1989, counsel for Raburn delivered the following letter to counsel for Bailes:
“This is to confirm my notice to you in the last week of February regarding the hearing set before Judge Cherner at 9:00 a.m. on Thursday, March 16, 1989.
“In response to our Answer to ‘Motion to Interplead Funds’ and Request for Disbursement filed in behalf of Herbert L. Raburn and H.L. Raburn & Company, a partnership, you filed a pleading requesting that the Court determine a ‘reasonable’ accounting fee. That issue will be resolved at that hearing along with our proof of the reasonableness of the accounting fees which are the subject of the counterclaim.
“You have filed a request for production. We have advised you that all of the requested documents were produced in conjunction with Herbert Raburn’s deposition noticed for February 23, 1987, at the office of John DeBuys. A copy of that notice is transmitted herewith for your convenient reference. In order that the present hearing not be delayed, however, we offer to make those records available for your examination at the offices of Herbert Raburn. Please advise me when you wish to review those records.”
Bailes’s attorney stipulated to receiving this letter.
On March 16, 1989, a hearing was held before the trial court regarding Raburn’s claims for accounting and arbitration fees. Bailes objected during the testimony of Ra-burn’s first witness, stating that he had not waived his right to a jury trial. The trial court reserved its ruling on the jury trial issue and proceeded to hear the evidence without a jury.
On March 20, 1989, the trial court entered its order based upon the March 16, 1989, hearing. The trial court ruled that Bailes had waived his jury demand, and that the accounting and arbitration fees were reasonable and specifically rejected Bailes’s assertions that the arbitration and accounting fees were unreasonable due to Raburn's partiality. The trial court specifically wrote the following in its order:
“As this Court has already noted [see June 9, 1986, order], Herbert Raburn was free to conduct the arbitration in an informal manner without being bound by any rules of evidence. Herbert Raburn was also free to obtain [information] ex parte and without representatives of the parties being present.
“As this Court noted in a number of decisions cited in its earlier order, courts will not disturb an arbitrator’s award because of his failure to interpret documents or because it is argued that the arbitrator failed to give adequate consideration to certain evidence.
“One of the advantages of an arbitration over a trial is that the arbitration is FINAL. It is not for this Court to again try the issues already submitted to Her *125 bert Raburn as arbitrator in the absence of fraud or corruption on the part of the arbitrator. No evidence has been presented of any acts sufficient to constitute fraud or corruption on the part of Herbert Raburn. On the contrary, it appears from the evidence such as it is that the records relating to Bailes’s management of the affairs of the partnership were incomplete and that a number of the records were missing. While the findings of Herbert Raburn as arbitrator have no place here, this Court notes that Herbert Raburn wrote a nine-page letter opinion setting out the evidence and the basis of his findings.
“With respect to the amount claimed by H.L. Raburn & Company for its accounting services, Bailes testified that he did not know how many hours Raburn had put in on the work and that he was relying on his discussion with other accountants who told him that they thought H.L. Raburn & Company’s charges were very high. Bailes never asked Raburn to itemize his bill and he never asked for any back-up or explanation of any of the charges. Furthermore, Bailes had actually paid Raburn the sum of $6,500.00 in part payment of one invoice prior to the time when Bailes received what he considered an adverse ruling from Herbert Raburn as arbitrator.
“This Court concludes from the evidence that no evidence has been presented by Bailes to contradict the testimony of Herbert Raburn and Hasbrouck Haynes, Jr., that the compensation sought by them for their services [is] reasonable.”
On April 20, 1989, the trial court entered a memorandum opinion and order in favor of the trustees on their counterclaims I, II, and VI and dismissing counterclaims III, IV, and V as moot. Furthermore, the trial court dismissed Raburn’s claims against Bailes for abuse of process and intentional interference with business or contractual relations, in accordance with its November 24, 1987, order.
Bailes raises the following issues on appeal: 1) whether the trial court erred when it dismissed his complaint, 2) whether the trial court erred' when it ruled that he had waived his right to a jury trial, and 3) whether the trial court erred when it entered summary judgment in favor of the trustees.

Dismissal of Bailes’s Complaint

Bailes’s original complaint demanded relief from the arbitration conducted by Raburn and alleged as general grounds that Raburn had “negligently, wantonly and fraudulently” performed the arbitration. Bailes’s amended complaint alleged disagreements that Bailes had with the arbitration but did not contain specific and particular allegations of fraud as ordered by the trial court pursuant to A.R.Civ.P. Rule 9(b).
To state a claim in an action to set aside an arbitration award, the complainant must allege specific acts of “fraud, corruption, collusion, partiality, and the like.” McCullough v. Alabama By-Products Corp., 343 So.2d 508, 510 (Ala.1977). Specific allegations of disagreements with the arbitration award, without averments of the requisite elements enumerated in McCullough, are insufficient to state a .cognizable cause of action. Furthermore, it is clear from our decision in McCullough that allegations of negligence and wantonness are insufficient to state a cause of action to set aside an arbitration award.
Further, Bailes attached as an exhibit to his complaint a copy of the arbitration agreement. In McCullough, supra, the Court further held that when a variance occurs between the pleadings and an exhibit attached thereto, the contents of the exhibit control. 343 So.2d at 510. We agree with the trial court’s findings that the arbitration agreement gave Raburn the broad powers to perform his duties as arbitrator. Furthermore, Bailes agreed to the finality of the arbitration and waived grounds for disqualification of the arbitrator.
*126 This Court recognized in Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1, 4 (Ala.1986), that arbitration is a favored means of settling controversies. This Court further held in that case that, absent proof to the contrary, an arbitrator is presumed to be impartial. We find that Bailes has failed to aver specific acts on the part of Raburn while acting as arbitrator that would give rise to a cause of action to set aside the arbitration. We therefore conclude that the trial court properly dismissed Bailes’s complaint.

Jury Trial Waiver

Although Bailes made a jury demand in his complaint and in his amended complaint, these pleadings were dismissed in June 1986; thus, Bailes’s right to a jury trial was limited to the issues raised in Raburn’s counterclaims. The trial court, however, held that Bailes had waived his right to a jury trial on those issues by proceeding with the nonjury hearing without timely objection. Specifically, the trial court found that the letter from Raburn’s attorney to Bailes’s attorney notifying him of the time and date of the hearing effectively put Bailes on notice that the proceeding would be nonjury. Bailes did not object between the time he received that letter and the day of the hearing. Further, he did not demand a jury until the hearing had commenced and Raburn’s first witness was testifying.
Raburn relies on Brown Mechanical Contractors, Inc. v. Centennial Insurance Co., 431 So.2d 932, 938 (Ala.1983), which held:
“After a proper demand, ordinary principles of waiver and estoppel applicable to any personal right may still operate to bar a jury trial. Once lost as a matter of right, a jury trial may be had only in the court’s discretion under Rule 39(b).”
We find Bailes’s actions to be inconsistent with his requested jury demand and agree with the trial court that, based upon the facts and circumstances known to Bailes at the time the March 16, 1989, hearing commenced, Bailes waived his jury trial.

Summary Judgment for the Trustees

Bailes asserts on appeal that summary judgment on the trustees’ counterclaims was improper because he was not allowed to challenge the arbitration award. Based on the factors we have previously set forth concerning the proper dismissal of Bailes’s complaint, we agree that summary judgment was properly entered in favor of the trustees on their counterclaims for enforcement of the arbitration award. See McCullough, 343 So.2d at 510.

The Cross-Appeal

Raburn’s sole issue on appeal is the correctness of the summary judgment in favor of DeBuys and Bailes as to Raburn’s counterclaim alleging abuse of process.
We discussed the elements of an abuse of process action in Eidson v. Olin Corp., 527 So.2d 1283 (Ala.1988):
“ ‘This tort [abuse of process] is defined as the perversion of a regular and valid process, which has been duly and properly issued, whereby a result not lawfully or properly attainable under it is secured. Duncan v. Kent, 370 So.2d 288 (Ala.1979); Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986 (1912). To maintain an action for abuse of process, existence of an ulterior motive must be proved. Clikos v. Long, 231 Ala. 424, 165 So. 394 (1936).
“ ‘72 C.J.S. Process § 120 (1951) states, at 1190-91:
“ ‘ “[Generally,] in order that action for abuse of process may lie, there must have been an unlawful interference with plaintiff’s person or property under color of process....
“ ‘ “[T]he [ulterior motive] must culminate in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect....”
“ ‘Furthermore, 1 Am.Jur.2d Abuse of Process § 13 (1962) states:
“ ‘ “If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse.... ”
“ ‘See also Duncan v. Kent, supra.’ ” *127 527 So.2d at 1287-88, quoting Dempsey v. Denman, 442 So.2d 63, 65 (Ala.1983).
We find from our review of the record that Raburn failed to allege any actions by DeBuys or Bailes in the pursuit of Bailes’s complaint that are beyond the scope of the regular prosecution of the complaint. Thus, we conclude that the trial court properly entered a summary judgment in favor of DeBuys and Bailes.
For the foregoing reasons, we affirm the judgments of the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.