On Application for Rehearing
The opinion of February 4, 1994, is withdrawn, and the following opinion is substituted therefor.
Russ Gist and Pam Gist sued Phillips 66 Company, Inc.; Vulcan Oil Company; and Jerry's Food Mart, alleging negligence and wantonness in the installation of fuel dispensing pumps and distribution of fuel products. Specifically, the Gists alleged that the defendants had improperly placed a kerosene pump beside a gasoline pump at Jerry's Food Mart; that the improper placement of the pump caused Mrs. Gist to mistakenly purchase gasoline for the Gists' kerosene heater; and that Mr. Gist was injured when the gasoline ignited as he tried to refuel a kerosene heater with it. Mr. Gist sued for damages for personal injury; Mrs. Gist claimed damages for loss of consortium.
The trial court entered a summary judgment for Phillips 66 Company and directed a verdict on the wantonness issue at the close of the plaintiffs' evidence. The jury returned a verdict in favor of Vulcan Oil and Jerry's Food Mart on the negligence count, and the trial court entered a judgment pursuant to that verdict. The Gists appeal.[1]
We agree with the trial court that the Gists' evidence was not sufficient to support a finding of wantonness. Therefore, we affirm that portion of the judgment based on the directed verdict against the wantonness claim. However, we reverse that portion of the judgment based on the jury verdict.
We begin by noting these facts from the record: In January 1990, another couple, Mark Hall and Melissa Chamblee, was visiting the Gists in their home, and the four decided to rent a video. The two women went to Jerry's Food Mart to purchase kerosene for the Gists' kerosene heater. Jerry's Food Mart was a convenience store/gasoline station that sold fuels it purchased from Vulcan Oil; Vulcan Oil owned the gasoline islands and pumps from which the fuel was dispensed. At Jerry's Food Mart, Mrs. Gist went to a fuel island from which she had seen her husband pump kerosene on two or three occasions. One side of the pump was clearly marked "Kerosene," and the other side was marked with the Phillips 66 company logo for gasoline.
Mrs. Gist opened the hatchback of her car, where a fuel container was stored. Without removing the container, she filled it with gasoline instead of kerosene. While she was filling the container, Mr. Gist and Mr. Hall arrived at Jerry's Food Mart and went inside; they did not go to the area where Mrs. Gist was pumping fuel. The men rented a video from the store, while Mrs. Gist finished her task. She joined the group inside and purchased snacks, and the four then left Jerry's Food Mart.
After returning home, Mr. Gist attempted to refuel his kerosene heater, while it was lit, with the gasoline Mrs. Gist had bought. When Mr. Gist did so, the gasoline exploded into flames on the carpet around the heater, and he tried to stamp them out. Mr. Gist's clothing caught on fire and he sustained second- and third-degree burns to his arms and legs. Those injuries are the basis of this action.
At trial, the Gists argued that the defendants wantonly and negligently caused the explosion by placing kerosene and gasoline in the same fuel dispenser. The defendants argued, among other things, that the dispenser was clearly marked and that Mrs. Gist was contributorily negligent in mistakenly pumping the gasoline. The defendants further argued that Mrs. Gist was acting as her husband's agent while pumping and buying the fuel and that her contributory negligence was thus imputed to him and barred his recovery for any injuries caused by the fire.
At the close of the evidence, the trial court instructed the jury as to agency and contributory negligence, and the dispositive issue before us now is whether the trial court erred in its instruction. The trial court instructed the jury as follows:
 "With regard to the claim of contributory negligence filed against the Gists of assumption of the risk, if Mrs. Gist was the *Page 942 
agent of Mr. Gist in purchasing the kerosene, if he contacted her as his personal agent for the purchase, a single act then of negligence of hers would be attributed to Mr. Gist and he could be barred from recovery because Mrs. Gist was his agent if y'all find that to be the case and her negligence caused or contributed proximately to his injury, assuming that's what you find. On the other hand, if Mrs. Gist was not the agent of Mr. Gist, then any negligence of hers would not be attributed to Mr. Gist. If you find Mrs. Gist was guilty of negligence in the purchase of this fuel but that she was not the agent of Mr. Gist at the time she did that, the act of negligence would not bar Mr. Gist's recovery."
The Gists argue that there is no evidence to support a finding of agency between them and that the foregoing instructions were therefore improper and prejudicial.
There is no presumption in Alabama that a wife acts as the agent of her husband, J.C. Jacobs Banking Co. v. Campbell,406 So.2d 834 (Ala. 1981); thus, we must apply the general law of agency to determine whether there was sufficient evidence of such a relationship to warrant submitting the issue to the jury in this case. The test for agency is whether the alleged principal has retained a right of control over the actions of the alleged agent. John R. Cowley Bros., Inc. v. Brown,569 So.2d 375 (Ala. 1990). The record shows only that Mr. Gist asked his wife to purchase kerosene and that she agreed to do so; there is no substantial evidence to show that Mr. Gist retained any form of control over his wife's action. He did not tell her where or how to pump the fuel, nor did he in any way direct the manner in which she carried out the task.
The defendants emphasize that a surveillance tape from Jerry's Food Mart, which was offered into evidence at trial, indicates that Mr. Gist looked out the window of the store to the place where Mrs. Gist was pumping fuel into the container; however, the fact that he saw her perform the activity does not prove that he retained any power to control it.
Certain evidence, which was disputed, indicates that Mr. Gist paid for the fuel when he paid for the video rental, and the defendants argue that this was sufficient to create a jury question as to agency. We disagree. Even if Mr. Gist did pay for the fuel, that fact would not indicate that he retained a right to control the manner in which his wife put the fuel into the container. The evidence shows that Mrs. Gist merely did something her husband asked her to do, without his guidance or control; this is insufficient to establish an agency relationship between them. We therefore conclude that the trial court erred in instructing the jury as to agency.
The defendants argue that the jury charge on agency did not prejudice the Gists' case and that any error in giving it was therefore harmless. The record shows that after beginning deliberations, the jury returned to the trial court with this request: "Define agent and principal." The trial court explained the agent-principal relation again and added: "Ladies and gentlemen, not only is a principal liable for the negligent acts or omission of his agent, a principal is also liable for the acts of contributory negligence of his agent." Later that day, the jury returned and asked the trial court to explain contributory negligence. Shortly thereafter, the jury returned and informed the trial court that they were "hung up." The trial court ordered them to return to their deliberations and, within an hour, the jury returned with a verdict in favor of both defendants.
The facts we have set out here indicate that the jury was confused as to the agency charge, which was not even properly before the jury, and that the verdict may have been based upon this improper charge. We conclude that the erroneous jury charge "probably injuriously affected substantial rights" of the Gists; therefore, we must further conclude that the trial court erred to reversal in giving it. Rule 45, Ala.R.App.P. That portion of the trial court's judgment entered pursuant to the jury verdict is therefore reversed and the cause is remanded for a new trial on the negligence claim. Discussion of the other issues raised on appeal is pretermitted. *Page 943 
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN, OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.
[1] The Gists did not appeal the summary judgment for Phillips 66 Company.