I concur in the result of the opinion, but I am constrained to point out that it is difficult for me to do so in view of the fact that on the first appeal of this case I strongly felt that the plaintiffs were not entitled to the new trial that ultimately resulted in the judgments the Court is now reviewing.
This is the second time this case has been here. In the first appeal, Spivey v. First Commercial Bank, 681 So.2d 120
(Ala. 1995), a jury had found for the defendant and a judgment had been rendered in favor of the defendant on that jury verdict. This Court, on June 24, 1994, initially affirmed that judgment, without writing an opinion, and on July 29, 1994, this Court also overruled the plaintiffs' request for a rehearing; however, on August 16, 1994, a majority of this Court, on its own motion, granted a rehearing, withdrew its no-opinion orders, and wrote an opinion in which it granted the Spiveys a new trial. Three Justices dissented from that portion of the opinion ordering a new trial.[1]
In view of the fact that I was so convinced that under Alabama law the plaintiffs were not entitled to a new trial, I was almost compelled to dissent in this case, in which *Page 1328 
one of those plaintiffs was awarded a total of $1 million; however, as I stated in another case with a similar procedural history, a majority of this Court, as it was then constituted, granted the plaintiffs' request for a new trial and the plaintiffs thereby became "entitled to a review of the new trial without regard to my dissenting views on the first appeal." Black Belt Wood Co. v. Sessions, 514 So.2d 1249, 1257
(Ala. 1986) (Maddox, J., concurring specially).
[1] See, Spivey v. First Commercial Bank, 681 So.2d 120, 124
(Ala. 1995) (Butts, J., concurring, in part and dissenting in part, joined by Maddox and Houston, JJ.). The initial trial was videotaped, and the videotape record did not indicate that the plaintiffs had objected to the failure of the trial court to instruct the jury on the Statute of Frauds, which formed the basis for the reversal of the judgment and the award of a new trial. The three dissenting Justices were of the view that the issue upon which the Court granted a new trial "[was] not properly before this Court for review." 681 So.2d at 124.