CRAWLEY, Judge.
John Youdath appeals from the trial court’s grant of a motion to dismiss filed by the Great Atlantic & Pacific Tea Company, Inc. (hereinafter referred to as “A & P”). We affirm.
On July 24, 1998, Youdath sued Jerry Elkins and Anita Elkins, doing business as Elkins Brokerage (hereinafter collectively referred to as “Elkins”), seeking $88,200 on a written instrument, plus interest and costs.[1] On May 11, 1999, Youdath amended his complaint to state counts against Elkins for breach of contract, fraud, deceptive trade practice, and negligence. The complaint alleged that Youdath and Elkins had entered into a contract in which Elkins was to deliver 2,800 cases of Kit Kat candy bars to Youdath for $88,200. Youdath alleged that payment was made to Elkins, but the candy bars were never delivered to him.
*1244 On December 13, 1999, Youdath filed a motion for a summary judgment with attached exhibits to which Elkins filed a motion in opposition on September 19, 2000. On October 16, 2000, the trial court entered a summary judgment for Youdath on his breach-of-contract claim, awarding him $88,200, but denied the summary-judgment motion as to his remaining claims. On December 28, 2000, Elkins filed a motion for a summary judgment on Youdath’s remaining claims to which You-dath filed a motion in opposition on January 8, 2001. On January 18, 2001, the trial court entered a “nonfinal” summary judgment for Elkins on Youdath’s remaining claims and allowed Youdath 45 days to add additional defendants.[2] On January 22, 2001, the trial court amended its order to state that the summary judgment as to Elkins was “conditionally granted.”
On February 15, 2001, Youdath amended his complaint to add A & P, Mark Everett, and Mack Powell as defendants. The complaint was also amended to add counts alleging unjust enrichment and breach of contract under a third-party beneficiary theory and to remove the negligence count. Attached to the amended complaint were the affidavits of Anita El-kins, Jerry Elkins, Mark Everett, and Youdath, which had previously been filed with Youdath’s and Elkins’s motions for a summary judgment. On that same day, Youdath filed a motion seeking the trial court to reconsider the summary judgment it had entered for Elkins.
On June 20, 2001, after the trial court had allowed additional time to file a response to Youdath’s complaint, A & P filed a motion to dismiss with an attached memorandum of law and exhibits. A & P asserted that its motion was due to be granted on grounds that (1) the complaint failed to state a claim upon which relief could be granted; (2) Mike Ishmael, who A & P argues is an indispensable party, had not been joined; (3) the third-party beneficiary claim was defective; (4) Youdath had failed to plead a contract of which Youdath was a third-party beneficiary; (5) Youdath had failed to plead that Ishmael, or any other defendant, was an agent of A & P; and (6) there was insufficiency of process. On August 20, 2001, Youdath filed an opposition to A & P’s motion to dismiss with attached exhibits. .On October 18, 2001, the trial court granted A & P’s motion to dismiss.
On October 24, 2001, Elkins filed a motion seeking to have the summary judgment entered for it made final pursuant to Rule 54(b), Ala. R. Civ. P. On November 7, 2001, the trial court entered an order making the summary judgments for Youdath and Elkins final; Youdath was awarded $93,492. The trial court also dismissed all remaining claims against Everett and Powell. On November 16, 2001, Youdath filed a motion to reconsider the summary judgment for Elkins and the dismissal for A & P; the trial court denied that motion on November 19, 2001. On November 19, 2001, Youdath filed a motion to alter, amend, or vacate the trial court’s summary *1245 judgment as to him, asserting that the trial court had miscalculated the amount of interest due to be paid by Elkins. On December 4, 2001, the trial court amended its judgment to award Youdath $112,896.
On December 28, 2001, Youdath filed a notice of appeal to the supreme court. On February 5, 2002, this case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975. On appeal, Youdath argues that the trial court erred in granting A & P’s motion to' dismiss because (1) when goods are identified in a sales agreement, a party to that agreement may recover against third parties who caused the goods to be destroyed or converted; (2) Ishmael was not an indispensable party; and (3) he sufficiently pleaded the existence of a contract to which he was a beneficiary.[3]
Although the trial court granted what was entitled as a motion to dismiss, A & P’s attachment of exhibits to its motion converted it to a motion for a summary judgment.
“When matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment, Rule 12(b), Ala. R. Civ. P.; this is the case regardless of what the motion has been called or how it was treated by the trial court, Papastefan v. B & L Constr. Co., 356 So.2d 158 (Ala.1978); Thorne v. Odom, 349 So.2d 1126 (Ala.1977).”
Hornsby v. Sessions, 703 So.2d 932, 937-38 (Ala.1997). Our review of a summary judgment is de novo.
“In reviewing the disposition of a motion for summary judgment, “we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’ Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’ Wright v. Wright, 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).”
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).
Youdath first argues, relying on § 7-2-722, Ala.Code 1975, that when goods are identified in a sales agreement, a party to that agreement may recover against third parties who caused the goods to be destroyed or converted. Our review of the record shows that Youdath never asserted this argument in the trial court. An issue may not be raised for the first time on appeal, Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992), and we can *1246 not hold a trial court in error in regard to theories or issues not presented to that court. Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). Accordingly, we will not address this argument further.
Youdath next argues that Ishmael was not an indispensible party. Rule 19, Ala. R. Civ. P., states, in pertinent part:
“(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person’s absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person’s absence may (i) as a practical matter impair or impede the person’s ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party....
“(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(l)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person’s absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person’s absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoin-der.”
Ishmael was a much-involved actor in this transaction. Youdath first contacted Elkins seeking to purchase the candy bars. Elkins then contacted Everett, a person engaged in the food and beverage business, about supplying the candy bars. Everett later responded that he had found the candy bars through Ishmael, a food broker in Atlanta, Georgia. Powell, an alleged agent of Elkins, then contacted Youdath to tell him that they had located the candy bars he sought; Youdath then forwarded payment for the candy bars to Elkins. Elkins later met with Everett and Ishmael at an A & P location in Atlanta. The candy was loaded onto an A & P truck for shipment to Youdath in California, and Elkins received receipts of payment from both Everett and Ishmael. The letterhead on the receipt provided by Ishmael stated that he was a food and beverage broker serving as an agent for Kroger, Winn Dixie, A & P and Publix groceries stores. After the truck had been loaded with the candy bars, Elkins prepared a bill of lading stating that A & P, per Ishmael, was both the supplier and carrier of the candy bars. En route to California, the truck in which the candy bars were being shipped experienced refrigeration problems; the candy bars were frozen and were ruined. Ishmael later contacted Everett and took responsibility for the ruined candy bars. Everett met Ishmael in Washington, D.C., where Ishmael gave him a promissory note for $100,000 to be paid to Elkins. Payment was never made by Ishmael.
Youdath’s second amended complaint never makes mention of Ishmael, rather it states that it was a beneficiary of a contract between Elkins and Everett and A & P. A ground stated in support of A & P’s *1247 motion to dismiss was that Youdath failed to prove that Ishmael, or any other defendant, was an agent of A & P. In response to A & P’s motion, Youdath asserted, and his assertion is supported by evidence in the record, that Ishmael was the subject of an investigation by the Federal Bureau of Investigation (“FBI”) and that the FBI had not been able to locate Ishmael. In its brief to this court, Youdath further states, in pertinent part:
“While [A & P] may argue that Ishmael was not its agent during the ill-fated sale and delivery of the Kit Kat bars made the basis of [Youdath’s] complaint, it tendered no evidence to the trial court disaffirming its principal/agent relationship with Ishmael.... Here, Ishmael’s principal is [A & P] and it is undisputed that [A & P] exercised tremendous control over the transaction as [A & P] allowed Ishmael to transfer 2,800 boxes of Kit Kat bars from its ... store onto [its] truck....
“Suffice it is to say that in response to the three affidavits of eye witnesses confirming [A & P’s] involvement in this ill-fated transaction, [A & P] has filed no opposing affidavits, deposition testimony, or other admissible evidence to rebut the presumptions created by [Youdath’s] submission.
“Because [A & P] is bound by the acts of its agent, Ishmael, [Youdath] can obtain the complete financial relief he seeks without Ishmael’s presence in this cause and Mr. Ishmael is not an indispensable party pursuant to Rule 19(b) of the Alabama Rules of Civil Procedure.”
Youdath erroneously attempts to place a burden on A & P to disclaim that Ishmael was its agent. Our supreme court has observed:
“ ‘ “ ‘The test for agency is whether the alleged principal has retained a right of control over the actions of the alleged agent.’ ” Ex parte Wild Wild West Social Club, Inc., 806 So.2d 1235, 1241 (Ala.2001)(quoting Gist v. Vulcan Oil Co., 640 So.2d 940, 942 (Ala.1994)).... The party asserting the existence of an agency relationship has the burden of presenting sufficient evidence to prove the existence of that relationship. See Ex parte Wild Wild West Social Club, 806 So.2d at 1242 (citing Mardis v. Ford Motor Credit Co., 642 So.2d 701, 704 (Ala.1994)). Agency may not be presumed. Ex parte Wild Wild West Social Club, 806 So.2d at 1242 (citing Carlton v. Alabama Dairy Queen, Inc., 529 So.2d 921 (Ala.1988)). The plaintiff must present substantial evidence of an agency relationship. Id.’
“Dickinson v. City of Huntsville, 822 So.2d 411, 416 (Ala.2001). ‘Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” ’ Id. (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)).”
Worthy v. Cyberworks Techs., Inc., 835 So.2d 972, 980-81 (Ala.2002). As stated earlier, Youdath’s second amended complaint made no mention of Ishmael. The affidavits of Anita Elkins, Jerry Elkins, and Everett attached to the amended complaint stated only that it was their “understanding” that Ishmael was an agent for A & P. Those affidavits constitute only an assertion that Ishmael was an agent of A & P, not amounting to substantial evidence of agency. Accordingly, we conclude that Youdath failed to prove that Ishmael was an agent of A & P and that had a judgment been entered in Ishmael’s absence, it would have been prejudicial to A & P. Further, Youdath had already received a remedy pursuant to the trial court’s judg *1248 ment for him against Elkins. Rule 19(b), Ala. R. Civ. P.
Youdath’s final argument is that he sufficiently pleaded the existence of a contract to which he was a beneficiary. In his second amended complaint, Youdath asserted that he was a beneficiary of a contract entered into by Elkins and Everett and A & P. In support of this assertion, Youdath cited the attached affidavits of Anita Elkins, Jerry Elkins, and Mark Everett. However, none of these affidavits state that Elkins or Everett entered into a contract with A & P. Rather, they state that Elkins dealt with Everett and Everett who, in turn, dealt with Ishmael, whom Youdath failed to establish was an agent of A & P. The attached affidavits do not support what is asserted in Youdath’s second amended complaint. “[W]hen a variance occurs between the pleadings and an exhibit attached thereto, the contents of the exhibit control.” Raburn v. Bailes, 565 So.2d 122, 125 (Ala.1990) (citing McCullough v. Alabama By-Products Corp., 343 So.2d 508, 510 (Ala.1977)). Thus, Youdath failed to sufficiently plead that it was a beneficiary of a contract to which A & P was a party.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.

. The plaintiff in the complaint was originally listed as Parallel Products, Inc., but the trial court subsequently allowed Youdath to be substituted as the plaintiff.

. While not at issue in this appeal, we presume that the trial court’s allowance of the 45 days to add new defendants was a discretionary decision in response to an oral motion to amend made by Youdath in the trial court's hearing on Elkins’s motion for a summary judgment — the record contains no written motion. Otherwise, Youdath’s naming additional defendants would not have been warranted because the trial court’s judgment disposed of all issues between Youdath and Elkins. See, e.g., Kilgore v. Alabama By-Products Corp., 581 So.2d 872, 874 (Ala.Civ.App.1991) (“Further, it is a well-settled principle of law in Alabama that a plaintiff cannot, as a matter of right, amend a complaint after summary judgment has been rendered in favor of the defendant.”) (citing Papastefan v. B & L Constr. Co., 356 So.2d 158 (Ala.1978)).

. While Youdath stated he was appealing the summary judgment for Elkins in his notice of appeal, he has not asserted any argument concerning the summary judgment for Elkins in his brief.