MURDOCK, Justice.
 

 Burr
 
 &
 
 Forman, LLP, petitions this Court for a writ of mandamus ordering the St. Clair Circuit Court to dismiss the underlying action or, in the alternative, to transfer it to the Jefferson Circuit Court. For the reasons stated herein, we grant the petition.
 

 I. Background
 

 This mandamus petition arises from an action filed in the St. Clair Circuit Court by A. Dwight Blair, William Trussed, and their law firms, respectively, Blair and Parsons, P.C., and Trussell & Funderburg, P.C. (collectively referred to herein as “Blair and Trussed”), against the law firm of Burr & Forman, LLP. In their action, Blair and Trussed alleged that Burr & Forman violated an agreement into which the parties had entered in 1994 (“the 1994 agreement”) whereby they associated one another and agreed to share attorney fees in certain cases relating to the alleged release of contaminants into the environment by Monsanto Company (“Monsanto”).
 

 At the time the parties entered into the 1994 agreement, which was memorialized in a letter from Blair to Frank Davis (a partner at Burr & Forman at the time), there were two pending lawsuits related to alleged discharges by Monsanto in which the parties were serving as counsel,
 
 Dyer v. Monsanto Corp.
 
 and
 
 Shelter Cove Management v. Monsanto Corp.
 
 Blair’s letter stated:
 

 “The purpose of this letter is to confirm our agreement to associate each other in the
 
 [Dyer
 
 and
 
 Shelter Cove
 
 ]
 
 *559
 
 actions and in all other claims which each firm may pursue or handle arising out of the actions of Monsanto and all other parties responsible for the placing of PCBs [polychlorinated biphenyls] and other contaminants in the waterways of Snow Creek, Choccolocco Creek and Lake Logan Martin.
 

 “1.
 
 Fees and Expenses
 

 “Any attorneys fees obtained in either of the above actions or in any other claims or lawsuits which may be pursued by either firm (including but not limited to claims for business loss and/or personal injury arising out of Monsanto’s or others’ conduct in placing PCBs and other contaminants in Snow Creek, Chocco-locco Creek and Lake Logan Martin, whether such claims are asserted in a class action or are asserted on an individual basis) will be divided as follows: 60% to Burr & Forman, 20% to my firm and 20% to Trussell & Funderburg. Expenses will be paid on a similar basis: Burr
 
 &
 
 Forman will pay 60% of expenses, my firm will pay 20% of expenses and Trussell & Funderburg will pay 20% of expenses; however, neither my firm nor Bill’s firm will be required to pay more than $20,000 (each) of the expenses. Frank will furnish Bill and me an itemized list of expenses before we are called upon to pay our share and any anticipated expense of more than $1,000.00 will be discussed by Frank and Bill and me and will be agreed to by Bill and me prior to the incurring of such expense (e.g., the hiring of experts).
 

 “2. Procedural Matters
 

 “Before the certification hearing, I will file a conditional motion to dismiss, without prejudice, all of the parties in the
 
 Shelter Cove
 
 action, except Harris, and will dismiss, without prejudice, all claims for business loss. This motion will be conditioned upon the Court’s certifying The Class of property owners whose property has been devalued and whose riparian rights have been adversely affected by the wrongful conduct of Monsanto, etc. You would then file an appearance for Harris.
 

 “Before the certification hearing, Frank and Bill will file a conditional motion to dismiss, without prejudice, all of the parties in the
 
 Dyer
 
 action, except those three, four or five who you decide will remain as Class representatives, and except those parties presently named who have personal injury or loss of income claims. I will then file an appearance for those Class representatives, as well as the remaining parties who have personal injury or loss of income claims.
 

 “The three of us will file a joint motion to consolidate the two cases for all purposes.
 

 “If this does not represent your understanding of the agreement, please let me know immediately.”
 

 The
 
 Dyer
 
 and
 
 Shelter Cove
 
 actions were settled in June 1999.
 

 In May 2001, attorney Richard Roden and Burr & Forman, acting as cocounsel, sued Monsanto in the United States District Court for the Northern District of Alabama on behalf of 3,000 plaintiffs based on personal injuries and property damage allegedly caused by Monsanto’s release of contaminants into certain waterways (“the
 
 Tolbert
 
 litigation”). Blair and Trussell were not associated as counsel in that action. In January 2003, Davis and John Norris, another partner at Burr & For-man, left Burr
 
 &
 
 Forman and formed the law firm of Davis and Norris LLP (Davis, Norris, and their law firm are collectively referred to hereinafter as “Davis and Norris”). Davis and Norris were retained to represent the same clients in the
 
 Tolbert
 
 
 *560
 
 litigation they had been representing while they were partners at Burr & Forman.
 

 The
 
 Tolbert
 
 litigation ended in September 2008 with a settlement agreement between the parties that was incorporated into a final judgment by the federal district court. The settlement proceeds and attorney fees generated by the
 
 Tolbert
 
 litigation were placed in a settlement fund under the supervision of the federal district court.
 

 On October 17, 2003, Davis and Norris filed a complaint in the Jefferson Circuit Court against Burr & Forman and Blair and Trussell (“the Jefferson County action”), seeking a judgment declaring the appropriate distribution of the attorney fees generated by the
 
 Tolbert
 
 litigation. Through their complaint, they sought “a declaration as to whether Blair, Trussell or their respective law firms have any right or entitlement to part of the fees paid for representation of the clients in
 
 Tolbert.”
 
 They also sought
 

 “a declaration of the rights of Davis, Norris and their new law firm, known as Davis and Norris LLP, regarding representation of clients in contingent fee matters that began while they were partners at Burr [& Forman], but whom they continued to represent after their withdrawal from Burr [& Forman], including but not limited to, the work they performed in
 
 Tolbert.”
 

 On October 30, 2003, Blair and Trussell filed a complaint against Burr & Forman in the St. Clair Circuit Court (“the St. Clair County action”). In count one of their complaint in the St. Clair County action, they sought “a declaratory judgment that they are entitled to a total of forty percent (40%) of any attorneys’ fee awarded to the defendant, based upon the 1994 Agreement,” an injunction giving effect to the requested declaration, and an injunction prohibiting Burr & Forman “from spending or disbursing any attorneys’ fees awarded in the
 
 Tolbert
 
 matter” until the St. Clair County action was concluded. In count two, they sought damages for breach of the 1994 agreement.
 

 On November 4, 2003, Blair and Trussell filed in the Jefferson County action a motion to sever the claims against them and then to dismiss those claims or, in the alternative, to transfer a portion of that action to St. Clair County. They argued that the interpretation of the 1994 agreement, which was between them and Burr & Forman, had nothing to do with the dispute between Burr & Forman and Davis and Norris. They asserted that Davis and Norris’s dispute with Burr & Forman was pending in the federal court in the
 
 Tolbert
 
 litigation before the Jefferson County action was filed, and, in that dispute, there was no mention of the 1994 agreement. The absence in the federal dispute of any issue regarding the 1994 agreement was further proof, according to Blair and Trussell, that the claims in the Jefferson County action related to the 1994 agreement were due to be severed from that action. Blair and Trussell argued that, upon severance, the claims related to the 1994 agreement should be transferred to St. Clair County, where Blair and Trussell resided and where, they contended, the “events leading to the 1994 agreement” occurred. The Jefferson Circuit Court denied Blair and Trussell’s motion.
 

 On November 25, 2003, Burr & Forman removed the St. Clair County action and the Jefferson County action to the United States District Court for the Northern District of Alabama. The federal district court consolidated those actions with the
 
 Tolbert
 
 litigation on the ground that they presented issues pending before the court in
 
 Tolbert.
 
 On December 11, 2003, Burr & Forman filed an answer in the St. Clair
 
 *561
 
 County action in the federal court. On July 7, 2004, the federal district court remanded the St. Clair County action and the Jefferson County action.
 

 On July 20, 2004, Burr
 
 &
 
 Forman filed its first amended answer, counterclaim, and cross-claim in the Jefferson County action. In its cross-claim, which was directed at Blair and Trussell, Burr & For-man argued that, because Blair and Trus-sell did not perform any legal services in the
 
 Tolbert
 
 litigation, they were barred, “legally and ethically,” from receiving any fees generated in that litigation. It also contended that Blair and Trussell could not recover on the 1994 agreement because, it argued, that agreement did not “cover, address or relate to the claims of the plaintiffs that were settled” in the
 
 Tol-bert
 
 litigation, and, even if it did, Davis had executed the 1994 agreement “without notice to, or approval by, Burr’s executive committee.”
 

 On August 3, 2004, Burr & Forman filed a motion in the St. Clair County action to dismiss the action or to transfer the action to Jefferson County. It asserted that the St. Clair Circuit Court lacked jurisdiction over the action because the claims asserted therein were the subject of the Jefferson County action, which was the first-filed action. It also contended that, because Burr & Forman was a partnership, venue was proper only where one of its partners resided. Because none of its partners resided in St. Clair County, it argued, venue was not proper there. It further contended that the action should be dismissed because Blair and Trussell had failed to name as a defendant Davis, who, it contended, was an indispensable party. Finally, it contended that the St. Clair County action should be transferred to Jefferson County under the doctrine of
 
 forum non conveniens.
 

 On August 16, 2004, Blair and Trussell responded to Burr & Forman’s motion, arguing that Burr & Forman had waived its venue and abatement arguments by failing to include them in the answer it filed in the federal court following removal of the St. Clair County action to the federal court and by failing to amend its answer to include those defenses. They also argued that Burr
 
 &
 
 Forman’s abatement defense did not apply in the St. Clair County action because, they said, the Jefferson County action did not implicate the 1994 agreement and because they could not be compelled to file a cross-claim against Burr & Forman in the Jefferson County action. They contended that venue was proper in St. Clair County because, they said, it was in that county that their cause of action arose. Finally, they argued that Davis was not an indispensable party to the St. Clair County action because, under Ala.Code 1975, § 6-7-70, a partnership can be sued without having to name the individual partners.
 

 On August 20, 2004, Burr & Forman filed an amended answer in the St. Clair County action asserting that venue there was not proper, that the action was due to be abated due to the pending Jefferson County action, that Blair and Trussell had failed to name an indispensable party, and that the action was due to be transferred to Jefferson County on the basis of
 
 forum non conveniens.
 

 On August 19, 2004, Burr & Forman and Davis and Norris filed a motion in the
 
 Tolbert
 
 litigation to distribute the undistributed attorney fees that had been awarded in that case. On August 25, the federal district court ordered Blair and Trussell to show cause why they should be entitled to a portion of the undistributed attorney fees. On September 22, 2004, Blair and Trussell filed an objection to, and a motion to vacate, the show-cause
 
 *562
 
 order. They also filed a response to the show-cause order in which they argued the merits of their position that they were entitled to a portion of the attorney fees awarded in the
 
 Tolbert
 
 litigation.
 

 On September 27, 2004, Blair and Trussed filed a motion in the St. Clair County action to compel discovery responses from Burr
 
 &
 
 Forman. In particular, they sought an order from the court compelling Burr & Forman to respond to two document-production requests they had served on it in August 2004 and compelling Burr & Forman to submit to depositions they had requested in July and August 2004. On October 6, 2004, the St. Clair Circuit Court granted Blair and Trussell’s motion, requiring Burr & Forman to produce the requested documents by October 20, 2004, and to submit a representative of the firm and Robert Rutherford, an attorney with Burr & Forman, for depositions by October 27, 2004.
 

 On October 18, 2004, the federal district court entered an order in the
 
 Tolbert
 
 litigation in which it determined that it had jurisdiction to decide the proper allocation of attorney fees generated by the
 
 Tolbert
 
 litigation and held that Blair and Trussed were not entitled to any of those fees. The federal court made this order final pursuant to Rule 54(b), Fed.R.Civ.P., and Blair and Trussed appealed the judgment to the United States Court of Appeals for the Eleventh Circuit.
 

 On October 21, 2004, the St. Clair Circuit Court entered an order postponing ruling on Burr & Forman’s motion to dismiss or to transfer and allowing the parties an opportunity to conduct discovery on the issue of venue. It also determined that it had “sole and exclusive jurisdiction” over the dispute between Burr & Forman and Blair and Trussed and that the federal court’s October 18, 2004, order had no effect on that jurisdiction. The court stated that, “[t]o the extent the federal court order purports to adjudicate the parties’ claims and defenses already remanded to this Court for adjudication in this case, the Court respectfully disagrees with the conclusions of the federal court.”
 

 On October 25, 2004, Burr & Forman removed the St. Clair County action to federal court a second time. Blair and Trussed moved the federal court to remand the case.
 

 On November 2, 2004, the federal district court ordered that the undistributed attorney fees generated by the
 
 Tolbert
 
 litigation be distributed evenly between Burr & Forman and Davis and Norris.
 

 On July 22, 2005, the federal district court remanded the St. Clair County action. In spite of this remand, the federal district court, on August 2, 2005, entered an order preliminarily enjoining Blair, Trussed, Davis, and Burr & Forman from participating in further litigation in the Jefferson County and St. Clair County actions pending resolution of Blair and Trussed’s appeal of its judgment against them on the merits of their attorney-fee claim. Blair and Trussed appealed this preliminary injunction to the United States Court of Appeals for the Eleventh Circuit, which consolidated the appeal with their previous appeal.
 

 On November 27, 2006, the Eleventh Circuit Court of Appeals reversed the federal district court’s judgment denying Blair and Trussed’s attorney-fee claim and dissolved its preliminary injunction of August 2, 2005.
 
 Burr & Forman v. Blair,
 
 470 F.3d 1019, 1022 (11th Cir.2006). The court found that when the federal district court remanded the St. Clair County action and the Jefferson County action to the state courts from which they had been removed, it thereby disavowed any jurisdiction over those actions. 470 F.3d at
 
 *563
 
 1034-35. The court held that the federal district court’s disavowal of jurisdiction prevented it from subsequently exercising jurisdiction over Blair and Trussell’s claims in those actions. 470 F.3d at 1035. The court said: “Once the court remanded the case its power to adjudicate Blair and Trussell’s claim ceased.” 470 F.3d at 1036. The appeals court issued its mandate on December 26, 2006, dissolving the federal district court’s injunction of the state-court actions.
 

 On December 27, 2006, Burr & Forman filed a supplemental brief in support of its motion to dismiss or to transfer in the St. Clair County action. It pointed out to the trial court that, after it had filed its original motion, this Court decided
 
 Ex parte Miller, Hamilton, Snider & Odom, LLC,
 
 942 So.2d 334 (Ala.2006). In that case, this Court held that a limited-liability company that is treated as a partnership for federal income-tax purposes resides, for purposes of venue, where its individual partners reside. 942 So.2d at 336-37. Burr & Forman argued that this holding provided further support for its position that, because it was a partnership and none of its partners resided in St. Clair County, venue was not proper in the St. Clair Circuit Court.
 

 Also on December 27, 2006, Burr & Forman filed in the Jefferson County action its first amended cross-claim against Blair and Trussell and a motion for a summary judgment.
 

 On January 12, 2007, Blair and Trussell filed a “motion for default judgment and other sanctions for violation of court order and discovery abuses” against Burr & For-man in the St. Clair County action. They asserted that Burr & Forman never complied with the order of the St. Clair Circuit Court entered on October 6, 2004, compelling it to respond, by October 20, 2004, to the requests for production Blair and Trussell had served on it and compelling it to submit both a representative of the firm and Robert Rutherford for depositions by October 27, 2004. Citing Rule 37, Ala. R. Civ. P., Blair and Trussell requested that the St. Clair Circuit Court enter a default judgment against Burr & Forman or, in the alternative, enter an order denying Burr & Forman’s pending motion to dismiss or to transfer the action.
 

 On February 2, 2007, the St. Clair Circuit Court entered the following order:
 

 “This case comes before the Court on two separate but related motions: (1) [Burr & Formanj’s Motion to Dismiss or Abate for Lack of Jurisdiction and/or for Failure to Join Indispensable Parties, or in the Alternative, to Transfer on Forum Non-Conveniens Grounds, filed on August 3, 2004; and (2) [Blair and Trus-sellj’s Motion for Default Judgment and Other Sanctions for Violation of Court Order and Discovery Abuses, filed on January 12, 2007. The Court has carefully considered the parties’ written submissions concerning these motions, as well as the arguments of counsel during the hearing conducted on January 23, 2007. For the reasons discussed below, the Court finds that venue for this dispute is proper in St. Clair County, and therefore the case shall not be dismissed, abated, or transferred.
 

 “This fee dispute has roots dating back to 1994, when the parties to this case, three law firms, served as co-counsel for the plaintiffs [in] certain class action lawsuits against Monsanto pending in St. Clair County, named the
 
 Dyer
 
 case, case number: CV-1993-250, and the
 
 Shelter Cove
 
 case, case number: CV-1994-50. [Blair and Trussell] contend that the law firms signed a letter agreement to join together in pursuing
 
 Dyer
 
 and
 
 Shelter Cove,
 
 and to associate each other and share fees in future cases
 
 *564
 
 against Monsanto for claims arising from alleged PCB contamination in Lake Logan Martin, which is situated in St. Clair County, and its tributaries, Snow Creek and Choccolocco Creek.
 

 “In 2003, Defendant Burr & Forman negotiated a substantial fee award as part of another PCB case against Monsanto. [Blair and Trussell] contend they were never informed of that other case or of Burr & Forman’s involvement, and that disclosure would have been required by the duties and obligations of the parties arising from their 1994 letter agreement. The Complaint seeks damages by asserting claims for declaratory relief arising out of the letter agreement, including suppression and breach of fiduciary duty; and for breach of contract.
 
 [1]
 

 “Under Ala.Code [§ ]6-3-2(a)(3), venue is proper in St. Clair County because this dispute involves personal actions, and a substantial portion of the acts and omissions complained of occurred in St. Clair County. [Burr
 
 &
 
 Forman] also failed to assert its venue and abatement defenses in its original Answer to the Complaint filed in December 2003, and [Burr & Forman] did not amend its Answer to assert venue or abatement defenses until after [Blair and Trussell] first had pointed out (in a brief to this Court) [Burr & Fórmanos failure to properly and timely raise these defenses.
 

 “It is therefore ORDERED, ADJUDGED AND DECREED that [Burr & Forman]’s Motion to Dismiss or Abate for Lack of Jurisdiction and/or for Failure to Join Indispensable Parties, or in the Alternative, to Transfer on Forum Non-Conveniens Grounds is hereby DENIED. Except to the extent [Burr
 
 &
 
 Fonnanjs venue and abatement objections are overruled, in all other respects [Blair and Trussell]’s Motion for Default Judgment and Other Sanctions for Violation of Court Order and Discovery Abuses is hereby Denied.
 

 This case is now before this Court on Burr
 
 &
 
 Forman’s petition seeking a writ of mandamus. The petition asks this Court to vacate the February 2, 2007, order of the St. Clair Circuit Court denying Burr & Forman’s motion to dismiss the St. Clair County action or to transfer it to Jefferson County on the ground that venue in St. Clair County is improper and to order that court either to dismiss that action or to transfer it to the Jefferson Circuit Court. Among other things, the parties also address in their filings, in this Court the issue whether either the Jefferson County action or the St. Clair County action should be abated because of the pendency of the other.
 

 On June 6, 2007, after the parties had filed their briefs with this Court, Blair and Trussell filed a motion to supplement their answer to the petition with a copy of an order entered in the Jefferson Circuit
 
 *565
 
 Court on June 1, 2007.
 
 [1]
 
 We hereby grant that motion. In that order, the Jefferson Circuit Court dismissed Burr & Forman’s cross-claim against Blair and Trussell, holding that at the time Burr & Forman filed its cross-claim against Blair and Trus-sell in the Jefferson County action, Blair and Trussell had already filed their complaint in the St. Clam County action “involving the same subject matter and ... the same parties” as Burr & Forman’s cross-claim. The court held that because the St. Clair County action was pending before the cross-claim was filed in the Jefferson County action, Burr & Forman was barred from filing its claim against Blair and Trussell in the Jefferson County action; instead, Burr & Forman was required by Rule 13(a), Ala. R. Civ. P., and Ala.Code 1975, § 6-5-440, to file its claim as a compulsory counterclaim in the St. Clair County action.
 

 II. Standard of Review
 

 Mandamus is an extraordinary remedy, requiring “a showing that there is: ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
 
 Ex parte Inverness Constr. Co.,
 
 775 So.2d 153, 156 (Ala.2000) (quoting
 
 Ex parte Edgar,
 
 543 So.2d 682, 684 (Ala.1989)). A trial court’s denial of a motion to transfer based on improper venue is reviewable by a petition for writ of mandamus, and “such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the trial court.”
 
 Ex parte Alabama Power Co.,
 
 640 So.2d 921, 922 (Ala.1994).
 

 III. The Venue Defense
 

 A.
 
 The Merits of the Venue Defense.
 

 Burr & Forman contends that venue in St. Clair County is improper. As it argued to the trial court, Burr & Forman argues to this Court that, because it is a partnership and because Blair and Trussell’s claims are contractual in nature, venue for Blair and Trussell’s claims is proper only in a county in which one of its partners reside. According to Burr & Forman, because none of its partners reside in St. Clair County, venue is not proper there.
 

 Blair and Trussell respond that their complaint asserted claims sounding in tort, not just in contract. They contend that the acts complained of occurred in St. Clair County and that, therefore, venue is proper in that county.
 

 The statute governing venue for individuals, § 6-3-2, Ala.Code 1975, also governs venue for partnerships. For purposes of venue, a partnership is deemed to reside where its partners reside.
 
 [2]
 

 See Ex parte Miller, Hamilton, Snider & Odom, LLC, supra.
 
 Section 6-3-2 provides, in relevant part:
 

 “(a) In proceedings of a legal nature against individuals:
 

 [[Image here]]
 

 
 *566
 
 “(2) All actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.
 

 “(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.
 

 “(b) In proceedings of an equitable nature against individuals:
 

 [[Image here]]
 

 “(3) Except as may be otherwise provided, actions must be commenced in the county in which the defendant or a material defendant resides.”
 

 Because, under the above-quoted statute, venue is determined based on whether the claims asserted are contractual or “personal,” i.e., sounding in tort, we must review Blair and Trussell’s complaint in the St. Clair County action to determine the nature of their claims against Burr & Forman.
 

 As previously noted, the trial court stated in its order that “[t]he Complaint seeks damages by asserting claims for declaratory relief arising out of the 1994 letter agreement, including
 
 suppression
 
 and
 
 breach of fiduciary duty;
 
 and for breach of contract.” However, allegations of suppression and breach of fiduciary duty do not appear on the face of the complaint. The trial court tacitly recognized as much in footnote 1 of its order, in which it attempted to buttress the aforesaid statement as to the types of actions alleged in the complaint. In that footnote, the trial court correctly noted that Rule 8, Ala. R. Civ. P., implemented modern rules of notice pleading. It went on to state, however, that “the comments to the rule recognize that there is no technical pleading requirement other than describing in general the events that transpired, coupled with a demand for judgment.” This latter statement is not correct. As we stated in
 
 Archie v. Enterprise Hospital & Nursing Home,
 
 508 So.2d 693, 696 (Ala.1987): “Although the Alabama Rules of Civil Procedure have established notice pleading,
 
 see
 
 Rule 8,
 
 a pleading must give fair notice of the claim against which the defendant is called to defend.”
 
 (Emphasis added.) Moreover, “[i]t is not the duty of the courts to create a claim which the plaintiff has not spelled out in the pleadings.”
 
 McCullough v. Alabama By-Prods. Corp.,
 
 343 So.2d 508, 510 (Ala.1977).
 

 The complaint filed by Blair and Trussed in the St. Clair County action begins with eight numbered paragraphs by which Blair and Trussed plead background facts and describe the general nature of their claims. Paragraph number “1” of the complaint reads as follows:
 

 “1. This is a complaint for
 
 declaratory and injunctive relief and breach of contract, based on and arising from an agreement
 
 among the parties to associate each other and share any attorneys’ fees obtained through litigation against Monsanto Corporation for the placement of PCB’s and other contaminants in the water systems.”
 

 (Emphasis added.)
 

 The claims for relief that follow the eight numbered paragraphs in the complaint comprise two counts. “Count One” is titled “Request for Declaratory Judgment and Injunctive Relief.” It consists of paragraph number “9” and a prayer for relief. Paragraph number 9 reads in its entirety as follows:
 

 
 *567
 
 “9. Pursuant to the Alabama Declaratory Judgment Act, Ala.Code § 6-6-222, [Blair and Trussell] seek a declaration of the parties’
 
 rights and obligations with respect to the 199k Agreement
 
 and the settlement of the
 
 Tolbert
 
 matter.
 
 Specifically,
 
 [Blair and Trussell] seek a declaratory judgment that they are entitled to a total of forty percent (40%) of any attorneys’ fee awarded to [Burr & Forman],
 
 based upon the 199U Agree
 
 ment..”
 

 (Emphasis added.)
 

 “Count Two” is titled
 
 “Breach of Contract.”
 
 (Emphasis added.) It consists only of paragraph number “10” and a prayer for relief. Paragraph number 10 reads in its entirety as follows:
 
 “In violation of the 1991 Agreement,
 
 [Burr & For-man] has refused and failed to pay [Blair and Trussell] any portion of the attorneys’ fee award from the
 
 Tolbert
 
 litigation.” (Emphasis added.)
 

 Even under notice pleading, the allegations of the complaint simply cannot be construed as asserting claims sounding in tort.
 
 [3]
 
 To the contrary, Blair and Trus-sell’s complaint makes clear that the nature of the claims they assert is contractual. Count one essentially seeks nothing more than specific performance on the 1994 agreement. Count two explicitly seeks damages for the alleged breach of the 1994 agreement.
 

 The trial court sought to buttress its conclusion that the complaint included tort claims by stating that “this Court’s review of the voluminous record in this case establishes that tort claims are at issue here arising from the parties’ fee sharing association.” The trial court’s purported use of the record in this case to determine what claims were being asserted by the plaintiffs was inappropriate; we see no basis for the trial court to have gone outside the complaint to determine what Blair and Trussell have pleaded.
 
 See Archie,
 
 508 So.2d at 696;
 
 McCullough,
 
 343 So.2d at 510. Although it is true that parties may try by implied consent a claim that has not been pleaded,
 
 see
 
 Rule 15(b), Ala. R. Civ. P., here there has been no trial. We are aware of no rule or other authority authorizing a trial court to read into a complaint allegations of unpleaded claims merely because the court sees material in the pretrial record upon which such claims could be based.
 

 Although Blair and Trussell may believe that Burr & Forman breached a fiduciary duty it owed them or suppressed certain facts, they do not seek, through their complaint, to obtain a remedy for those alleged torts. Indeed, neither the word “suppression” nor the words “fiduciary duty” nor any other words of similar import appear anywhere in the complaint — not even in the background facts. The complaint simply fails to give fair notice that any claims other than those asserting breach of contract are being pursued.
 
 [4]
 

 Because Blair and Trussell’s claims are based on the 1994 agreement and sound in contract, venue for their action is proper, under § 6-3-2, only in a county in which a
 
 *568
 
 partner of Burr & Forman resides. In support of their motion, Burr & Forman established that none of its partners resides in St. Clair County. Thus, venue for the St. Clair County action is not proper in St. Clair County.
 

 B.
 
 Other Issues Related to Venue.
 

 In its order denying Burr & For-man’s motion for a change of venue, the St. Clair Circuit Court held that Burr & For-man waived its defense of improper venue because it did not assert that defense in its original answer and because it did not amend its answer to assert that defense until Blair and Trussell first pointed out that failure to the trial court. The trial court’s holding is in error in both respects.
 

 Rule 12, Ala. R. Civ. P., and, for purposes of this case particularly Rules 12(b) and 12(h)(1), governs “when” and “how” a defense such as improper venue is to be asserted. As a preliminary matter, we summarily dispense with the suggestion in the trial court’s order that anything in Rule 12 forecloses the assertion of a defense merely because the plaintiff “first point[s] out” to the trial court a defendant’s failure to have theretofore asserted that defense. Nothing in Rule 12 does so.
 

 What Rule 12, specifically Rule 12(b), does require is that “[e]very defense ... be asserted in the responsive pleading thereto if one is required.” As an exception to this general requirement, Rule 12(b) provides, that certain defenses, in-eluding improper venue, may be made by motion. Even without the benefit of this exception, the answer filed by Burr & Forman following the removal of the St. Clair County action to federal court cannot be found lacking for failure to assert the improper-venue defense at issue here. That defense — that § 6-3-2 prevented Blair and Trussell from bringing their contract action in St. Clair County — was inap-posite to an action in a federal court. We see nothing in Rule 12 that would operate to penalize a defendant for failing to raise in an answer filed in an action removed to federal court a state-law, procedural defense that would be available to the defendant only if the case were pending in state court.
 
 [5]
 

 The defense of improper venue under § 6-3-2 did, of course, become available to Burr & Forman following the remand of the St. Clair County action to state court on July 7, 2004. It thereafter became incumbent upon Burr & Forman, if it wished to avoid waiving that defense, to assert it in a motion as contemplated by Rule 12(b) and by Rule 12(g) (requiring the consolidation in a motion filed under Rule 12 of all defenses then available which Rule 12 permits to be made by motion) or in an amendment to its answer. Burr
 
 &
 
 Forman asserted the defense both in a motion and in an amendment to its answer.
 

 Rule 12(h)(1) provides that a defense of improper venue is waived under two circumstances:
 

 
 *569
 
 “(A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.”
 

 The motion made by Burr & Forman on August B, 2004, was the first motion it had made in response to the complaint; the defense of improper venue was asserted in that motion. Clause (A) of Rule 12(h)(1) therefore is not applicable because the defense was not “omitted from a motion in the circumstances described in subdivision (g).” By the same token, clause (B) is not applicable because, obviously, the defense was in fact “made by motion under this rule.” For that matter, it also was “included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course” when Burr & Forman amended its answer on August 20. Therefore, there is no basis on which to conclude that Burr & Forman waived the defense of improper venue.
 

 Blair and Trussed also contend that the trial court’s rejection of Burr & Forman’s improper-venue defense was a discovery sanction that the trial court was within its discretion to impose. They base this argument on the final two sentences of the trial court’s February 2, 2007, order:
 

 “It is therefore ORDERED, ADJUDGED AND DECREED that [Burr & Formanj’s Motion to Dismiss or Abate for Lack of Jurisdiction and/or for Failure to Join Indispensable Parties, or in the Alternative, to Transfer on Forum Non-Conveniens Grounds is hereby DENIED. Except to the extent [Burr & Formanj’s venue and abatement objections are overruled, in all other respects [Blair and Trussellj’s Motion for Default Judgment and Other Sanctions for Violation of Court Order and Discovery Abuses is hereby Denied.”
 

 In determining the intent of a trial court’s order, this Court considers the trial court’s entire writing.
 
 E.g., Boykin v. Law,
 
 946 So.2d 838, 848 (Ala.2006). In the present case, the trial court spent the bulk of its order discussing the
 
 merits
 
 of Burr & Forman’s motion. As to those merits, the court specifically and expressly found that venue was proper in St. Clair County and that it was for this reason that Burr & Forman’s objection to venue was “overruled”: “venue for this dispute is proper in St. Clair County, and therefore the case shall not be dismissed, abated, or transferred.” Further, the trial court went on to expressly and specifically discuss its conclusion that Burr & Forman had waived its improper-venue defense, clearly indicating in its order that this provided a supplemental basis for its decision to “overrule” Burr & Forman’s objections to venue in St. Clair County. At no point in its order does the trial court discuss Blair and Trussell’s request for discovery sanctions.
 

 We take note of the juxtapositional wording found in the latter of the two sentences of the trial court’s order relied upon by Blair and Trussed. In the context of the entire order, however, we cannot conclude merely on the basis of that language that the trial court “overruled” Burr & Forman’s objection to venue as a sanction for a discovery transgression. We reject Blair and Trussell’s argument to the contrary.
 

 IV. Conclusion
 

 Based on the foregoing, we grant the petition. The trial court is ordered to vacate its February 2, 2007, order denying Burr
 
 &
 
 Forman’s motion to dismiss or to transfer the St. Clair County action to the Jefferson Circuit Court, and to enter an
 
 *570
 
 order either dismissing the St. Clair County action or transferring that action to the Jefferson Circuit Court. Because of our disposition of the venue issue, we need not reach the separate issue presented by this petition — whether the pendency of either the Jefferson County action or the St. Clair County action is cause for the abatement of the other.
 

 RESPONDENTS’ MOTION TO SUPPLEMENT THE RECORD GRANTED; PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and LYONS and STUART, JJ., concur.
 

 BOLIN, J., concurs in the result.
 

 [1]
 

 “1 Rule 8 of the Alabama Rules of Civil Procedure implemented modern rules of notice pleadings, and the comments to the rule recognize that there is no technical pleading requirement other than describing in general the events that transpired, coupled with a demand for judgment. As a result, this Court’s review of the voluminous record in this case establishes that tort claims are at issue here arising from the parties’ fee sharing association. In addition to references in the Complaint, the underlying claims of suppression and breach of fiduciary duty were also discussed at length in the record in connection with [Blair and Trussell’s] Response to Show Cause Order filed in Federal Court in 2004.”
 

 [1]
 

 . Burr & Forman opposed the motion to supplement, arguing that the Jefferson Circuit Court’s order did not impact the merits of its mandamus petition.
 

 [2]
 

 . The fact that Burr & Forman is a limited-liability partnership does not change its treatment as a partnership for venue purposes.
 
 See
 
 § 10-8A-1001(i), Ala.Code 1975 (“Apart-nership that has registered as a registered limited liability partnership is for all purposes, except as provided in Section 10-8A-306, the same entity that existed before the registration and continues to be a partnership under the laws of this state subject to the registered limited liability partnership provisions of this chapter.”).
 

 [3]
 

 . We find fault not with the allegations of the complaint, but with the manner in which the trial court construed those allegations. The complaint appears to be appropriately drafted to assert the contractual claims it intended to assert.
 

 [4]
 

 . In its brief to this Court, Burr & Forman recount the numerous times in “their Eleventh Circuit briefing [in which Blair and Trussell] describe their claims in the St. Clair County complaint ... as breach of contract claims.” In its opinion, the Eleventh Circuit Court of Appeals referred to the St. Clair action as a "run-of-the-mill contract action.”
 
 Burr & Forman v. Blair,
 
 470 F.3d at 1033.
 

 [5]
 

 . We also note that other jurisdictions have held that, in an action that has been removed to federal court and subsequently remanded to state court, a defendant does not waive a defense by waiting until the action is remanded to assert it when the defense was not available in the federal court.
 
 See Lewis v. Transocean Terminal Operators, Inc.,
 
 900 So.2d 179, 183 (La.Ct.App.2005) (The "failure to assert an objection to venue that could not legally be asserted in federal court should not constitute a waiver of its right to assert the exception in state court after remand.”);
 
 Toliver v. Dallas Fort Worth Hosp. Council,
 
 198 S.W.3d 444, 446-48 (Tex.App.2006) (objection to venue contained in motion for a change of venue filed following remand not waived by failure to include defense in answer filed in federal court).
 
 See generally Ex parte Till,
 
 595 So.2d 871, 872 (Ala.1992) ("[A] party can waive only an objection ' "then available to him.” ’ ”).