PITTMAN, Judge.
Greenwood Bible Deliverance Church, Inc., appeals from a summary judgment entered by the Baldwin Circuit Court (“the trial court”) in favor of Betty Ard and Irene Sonier. We dismiss the appeal for lack of subject-matter jurisdiction.
On May 17, 2012, Ard and Sonier filed a complaint in the trial court. The only defendant named in the complaint was a corporation identified as “Greenwood Bible Deliverance Church, Inc.,” which, according to the complaint, was formed in November 1962 via a certificate of incorporation filed in the Baldwin Probate Court (the corporation identified in the complaint is hereinafter referred to as “the 1962 corporation”). The 1962 corporation was created under Title 10, Article 3, § 124 et seq., of the Alabama Code of 1940 (Re-comp.1958).[1]
In their complaint, Ard and Sonier asked the trial court to enter a judgment declaring as invalid a document filed in the Baldwin Probate Court in 1994, which was titled “Restated Articles of Incorporation of Greenwood Bible Deliverance Church, Inc.” (“the restated articles”). According to the complaint, the restated articles were filed in an attempt to comply with § 10-3A-81, Ala.Code 1975, which the parties agree has been recodified at § 10A-3-4.01, Ala.Code 1975 (part of Alabama’s Nonprofit Corporation Law, § 10A-3-1.01 et seq., Ala.Code 1975). Ard and Sonier asserted in their complaint that the restated articles were void because they did not comply with certain statutory requirements necessary to amend the certificate of incorporation forming the 1962 corporation. Ard and Sonier also claimed that the corporate bylaws allegedly adopted in 1994 in con *896 junction with the restated articles were void. Although the complaint did not make mention of any real or personal property, later filings show that there is a dispute regarding the ownership of a church building and the land on which it sits.[2]
The parties agree that the Alabama Secretary of State’s office maintains two sets of records for entities with the name “Greenwood Bible Deliverance Church, Inc.” — one set pertaining to the 1962 corporation and one set pertaining to an entity supposedly formed by the restated articles filed in 1994 (“the 1994 corporation”). In their appellate briefs to this court, all parties assert that the 1962 corporation and the 1994 corporation should be considered distinct and separate entities. Accordingly, for purposes of this appeal only, we treat them as separate.
It is undisputed that, although the complaint named only the 1962 corporation as a defendant, the summons and complaint were actually served on individuals claiming to be directors of the 1994 corporation. On June 20, 2012, counsel purporting to represent “the Defendant, Greenwood Bible Deliverance Church, Inc.,” filed a motion to dismiss the complaint. Although there is no express declaration clarifying exactly which of the two entities was appearing, we conclude from reading the motion and other filings in this matter that defense counsel, purported to represent the 1962 corporation.[3]
The trial court denied the motion to dismiss on August 13, 2012. On October 16, 2013, Ard and Sonier filed a motion for a summary judgment, in which they argued that the restated articles and the bylaws were void because, they asserted, the restated articles were an ineffective attempt to amend the certificate of incorporation of the 1962 corporation. Specifically, Ard and Sonier argued that the restated articles did not comply with § 10-3A-81, Ala.Code 1975, which, according to Ard and Sonier, required a certain number of votes from members of the 1962 corporation, which allegedly were not obtained. Ard and Sonier argued further that, if the restated articles were ineffective, then the bylaws necessarily were adopted by a board of directors that had no authority because the members of the board were appointed pursuant to an invalid instrument and, thus, were also void. Alternatively, Ard and Sonier argued that, if the restated articles were valid, then they created a new entity separate and apart from the 1962 corporation, but, they asserted, ownership of the church building and land was never transferred from the 1962 corporation to the 1994 corporation.
At the conclusion of their summary-judgment motion, Ard and Sonier requested a judgment declaring that the restated articles and bylaws were void, that the 1962 corporation owns the real property at issue, and that the 1994 corporation has no interest in the property and directing the members of the 1962 corporation to elect new trustees.
Counsel for “Defendant, Greenwood Bible Deliverance Church, Inc.,” filed a response, arguing, among other things, that the restated articles were not intended as an amendment to the certificate of incorporation filed in 1962, that the 1962 corporation’s only purpose was to hold title to real property (while the actual church eongre- *897 gation remained an unincorporated association), and that the restated articles created a new and independent corporation and resulted in the automatic vesting of ownership of the referenced real property in the 1994 corporation.
On November 8, 2013, after filing the summary-judgment motion, Ard and Sonier requested leave to file an amended complaint so they could formally add the 1994 corporation as a defendant. The amended complaint also specifically pleaded the theory that the two corporations were separate and distinct and that the 1962 corporation still owned the real property at issue. Over an objection, the trial court granted Ard and Sonier leave to amend the complaint. The record is silent as to whether new summonses were issued and served on agents of the 1994 corporation, although it appears that defense counsel (who purported to represent the 1962 corporation) was served with the amended complaint. In any event, the trial court eventually vacated the order granting Ard and Sonier leave to file the amended complaint. Thus, on appeal, the 1962 corporation asserts that the 1994 corporation was never made a defendant.
On March 12, 2014, the trial court granted Ard and Sonier’s motion for a summary judgment. The court’s order states that the 1962 corporation “was properly incorporated and properly received fee simple title to [the real property at issue].” The trial court later entered an order clarifying that the 1962 corporation “was and remains properly incorporated and holds in fee simple the real property in dispute.” A third order dismissed the claim for an accounting (see note 2, supra) and stated that “no other issues are pending.” Notwithstanding the trial court’s statement, the court did not rule on Ard and Sonier’s request for an order directing the members of the 1962 corporation to elect new trustees.[4]
Without' a final judgment, this court does not have jurisdiction to hear the appeal. Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001). “A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication.” Id. “[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). “The parties may not waive lack of subject-matter jurisdiction, and subject-matter jurisdiction may not be conferred by consent.” Espinoza v. Rudolph, 46 So.3d 403, 413 (Ala.2010).
The pendency of the request for an order directing the members of the 1962 corporation to elect new trustees necessitates a conclusion that there has not been a final judgment entered in this case. Because there has been no final judgment, we do not have subject-matter jurisdiction and the appeal must be dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. The parties agree that § 124 et seq. of the Alabama Code of 1940 (Recomp.1958) has been recodified (at least in part) at § 10A-20-2.01 et seq., Ala.Code 1975. Chapter 20 of Title 10A of the Alabama Code of 1975 is titled "Special Purpose Entities.”

. We also note that, in addition to seeking a declaratory judgment, Ard and Sonier sought an accounting of the 1962 corporation’s income and expenditures. That cause of action, however, eventually was abandoned and dismissed.

. That said, the motion to dismiss and other papers filed by defense counsel appear to allege that the 1962 corporation no longer exists.

. We also note that the trial court did not explain whether it based its conclusion that the 1962 corporation still exists, and owns the property, on Ard and Sonier's argument that the restated articles were ineffective and void, on the argument that the restated articles created a new corporation but did not result in the automatic vesting of ownership of the real property at issue in the 1994 corporation, or on some other rationale. The trial court also did not specifically address Ard and So-nier’s request for a judgment declaring that the 1994 corporation had no interest in the property.