PITTMAN, Judge.
Greenwood Bible Deliverance Church, Inc., appeals from a summary judgment entered by the Baldwin Circuit Court in favor of Betty Ard and Irene Sonier. We reverse the trial court’s judgment and remand for further proceedings.
Procedural History and Material Facts
At some point before the mid-1950s, an unincorporated church group began wor-shipping under the name “Greenwood Bible Deliverance Church.” In November 1962, members of the church group filed a certificate of incorporation in the Baldwin Probate Court, forming a corporation identified as “Greenwood Bible Deliverance Church, Inc.” (“the 1962 corporation”), and naming three corporate trustees. It is not entirely clear when, but at some point around the time the 1962 corporation was formed, real property was donated and purchased for the church group’s use.[1]
In 1994, 32 years after formation of the 1962 corporation, a document titled “Restated Articles of Incorporation of Greenwood Bible Deliverance Church, Inc.,” was filed in the Baldwin Probate Court (“the restated articles”). The restated articles identified the long-time pastor of the church group, Marie Harms, as “incorpo-rator.” After the restated articles had been filed, the Alabama Secretary of State’s Office began maintaining two sets of corporate records for entities identified as “Greenwood Bible Deliverance Church, Inc.” It has been argued by all parties in this matter that the restated articles filed in 1994 created a new and distinct corporate entity (“the 1994 corporation”).[2]
*490 In May 2012, Ard and Sonier filed a complaint naming the 1962 corporation as the sole defendant and” alleging that Ard and Sonier were members of the 1962 corporation. Ard and Sonier asserted in their complaint that the restated articles had been an ineffective attempt to amend the certificate of incorporation of the 1962 corporation because, Ard and Sonier asserted, statutory voting prerequisites to such an amendment had not been satisfied. Ard and Sonier also claimed that bylaws purportedly adopted in 1994 along with the restated articles were of no "effect. Thus, Ard and Sonier alleged, there was a dispute regarding “the proper documents which govern the church’s temporal affairs.” Ard and Sonier requested a judgment declaring that the restated articles and the bylaws were “void” and directing the 1962 corporation to elect new trustees;
In June 2012, a motion to dismiss was filed on behalf of “Greenwood Bible Deliverance Church, Inc.” Although it is not entirely clear, it appears that defense counsel filing that motion purported to represent the 1962 corporation, as opposed to the 1994 corporation.
Defense counsel asserted in the motion to dismiss that the 1962 corporation had been created for the sole purpose of holding title to the church building and the real property upon which it sits and that the members of the church group had remained an unincorporated association after the formation of the 1962 corporation. In support of that position, defense counsel pointed out that the 1962 corporation had been created pursuant to Title 10, Article 3, § 124 et seq., of the Alabama Code of 1940 (Recomp. 1958); § 126 of Article. 3 had provided, in, part:
“Corporations not of a business character created under this article, or created by special act of the legislature heretofore, may acquire, hold, administer, distribute or dispose of real and personal property, and may take, receive, and acquire property by gift, devise, or bequest, and hold, own, administer, use, distribute-and dispose-of such property for the advancement, promotion, extension, or maintenance of such causes and objects as may be. prescribed by the constitution and by-laws of such corporation, in conformity with all lawful conditions imposed by the donor, and may exercise such other powers as are incident to private corporations.”
(Emphasis added.) Relying on cases such as Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 426, 90 So. 602, 604 (1921), defense counsel asserted that the creation of the 1962 corporation “did not surrender any power of the congregation to the entity, except the right ‘to hold its property, convey or [ejncumber the same pursuant to the due authorization of its membership.’ ”
Defense counsel also argued that the restated articles had not been intended to amend the certificate of incorporation of the 1962 corporation but, rather, had created the allegedly separate and distinct 1994 corporation. According to the motion to dismiss, the 1994 corporation is made up of the members of the church group, who, the motion alleged, had been members of an unincorporated association until the formation of the 1994 corporation.[3]
*491 The motion to dismiss asserted further that, upon formation of the 1994 corporation, ownership of the property that had been held by the 1962 corporation, allegedly in trust for the members of the church group, had automatically vested in the 1994 corporation, Thus,, defense counsel asserted, the 1962 corporation no longer had a “legal purpose.”
■ Ard and Sonier filed a response to the motion to dismiss, in which they reasserted their original theory, namely, that, the restated articles had been an ineffective attempt to amend the certificate of incorporation of the 1962 corporation and were, therefore, void. In the alternative, Ard and Sonier asserted that, if the restated articles had formed a new corporation, then the 1962 corporation nevertheless still existed, still owned church property, arid should be allowed to elect new trustees. In their response to the motion to disiniss, Ard and Sonier described' the dispute as one over the intent o'f the restated articles and bylaws, over the existence of the 1962 corporation, and over ownership of church property.
In response to the argument that the 1962 corporation had beeri formed solely for the purpose of holding title to real property and had not resulted in the incorporation of the members of the church group, Ard and Sonier pointed to Title 10, Article 3, § 125 of the Alabama Code of 1940 (Recomp. 1958), which had provided:
“Such trustees [of a church desiring to incorporate pursuant to § 124] shall, within thirty days after their election, file in the office of the'judge of probate of the county in which the corporation is to exercise its functions, ■ or part of its functions, a certificate stating the corporate name selected, the names of the trustees, and the length of time for which they were elected; which certificate -shall be subscribed by them, and recorded. -The members of such society, their associates and successors are, from the filing of such certifícate, incorporated by the name therein specified.”
(Emphasis added.)’ Thus, Ard and Sonier asserted in their response to the motion to dismiss that the riiembers of the church group had not been an unincorporated association in 1994 when the restated articles were fíled and that the property held by the 1962 corporation had not vested in the 1994 corporation upon its creation.[4]
The trial court promptly denied the motion to dismiss. Approximately one year later, in October 2013, Ard and Sonier filed a motion for a summary judgment, In that motion, Ard and Sonier again asserted the alternative theories they had argued in response to' the motion to dismiss, and they requested the trial court to enter a judgment declaring that the restated articles and bylaws were void, that the 1962 corporation owned the real property on which the church building sits, and that the 1994 corporation had no interest in that property, Ard and Sonier also asked the trial court to direct the 1962 corporation to elect new trustees.
In November 2013, before the trial court had ruled on the summary-judgment motion, Ard and Sonier filed a motion for leave to amend their complaint, along with a proposed amended complaint.[5] The pro *492 posed amended complaint specifically-named the 1994 corporation as a defendant and specifically asserted the theory that, if the restated articles had formed a new corporation, the 1962 corporation nevertheless still owned the property in question. The proposed amended complaint described the dispute as one over “ownership of the real property on which the [church building] sits” and the “identity of the person or persons with the authority to govern the 1962 corporation.” The proposed amended complaint requested essentially the same relief that had been requested in Ard and Sonier’s summary-judgment motion, i.e., a declaration that the restated articles and bylaws were void, a declaration that the 1962 corporation owns the real property on which the church building sits, a declaration that the 1994 corporation has no interest in that property, and a mandate to the 1962 corporation to elect new trustees.
Counsel purporting to represent “Defendant, Greenwood Bible Deliverance Church, Inc.,” filed an objection to Ard and Sonier’s motion for leave to amend their complaint, asserting that the proposed amendment “substantially changes the substance of the facts alleged and the relief requested” and “would require additional discovery not contemplated up until this time, causing actual prejudice and delay.” Defense counsel also filed a response to Ard and Sonier’s motion for a summary judgment, in which counsel addressed the merits of both theories asserted in that motion. In February 2014, the trial court entered an order granting Ard and Sonier’s motion for leave to amend their complaint.
Approximately one month later, the trial court entered an order granting Ard and Sonier’s motion for a summary judgment. The trial court stated in its order that the 1962 corporation “was properly incorporated and properly received fee simple title to all of the real property on which the Church building sits.” Without explanation, the trial court also stated that its previous order granting Ard and Sonier leave to amend the complaint was moot and, therefore, vacated. Thereafter, defense counsel filed a notice of appeal on behalf of “Greenwood Bible Deliverance Church, Inc.” This court dismissed that appeal as having been taken from a nonfinal judgment. See Greenwood Bible Deliverance Church, Inc. v. Ard, 177 So.3d 894 (Ala. Civ. App. 2015).
Shortly after dismissal of the appeal, Ard and Sonier filed a “motion to add party-plaintiff,” in which they requested the trial court to set a status conference and to “allow the addition of a party, to-wit: the 1962 Greenwood Bible Deliverance Church, Inc.,” as a plaintiff in the action. Ard and Sonier asserted that “this lawsuit is now squarely between the 1962 Church and the 1994 non-profit corporation over corporate records and property rights” and that, “[i]n order to afford complete relief to all current parties, the 1962 Church should be named as a party-plaintiff in this lawsuit.” Counsel for “Greenwood Bible Deliverance Church, Inc.,” filed a response, pointing out that Ard and So-nier’s original complaint had named only the 1962 corporation as a defendant and asserting that Ard and Sonier had yet to sue the 1994 corporation. Ard and Sonier did not ask the trial court to reconsider its decision to vacate its earlier order granting Ard and Sonier leave to file an amended complaint. The record contains to ruling on Ard and Sonier’s motion to add party-plaintiff.
In August 2015, defense counsel representing “Greenwood Bible Deliverance *493 Church, Inc.,” filed a motion for a summary judgment, which argued, among other things, that Ard and Sonier had abandoned their theory that the restated articles had been an ineffective attempt to amend the certificate of incorporation of the 1962 corporation and were, therefore, void. Defense counsel also reminded the trial court that it had vacated its earlier order granting Ard and Sonier leave to amend their complaint. Finally, defense counsel asserted that, because Ard and Sonier’s only pleaded theory allegedly had been abandoned, and because Ard and Sonier had not pleaded any other theory supporting their assertion that a dispute existed as to the governance of church affairs, summary judgment was due to be entered.
The trial court entered an order denying the motion for a summary judgment. The trial court also entered a judgment amending its previous summary judgment in favor of Ard and Sonier. In that amended summary judgment, the trial court ruled that the restated articles were void and that “the 1962 corporation still exists and therefore still owns the property.” Alternatively, the trial court ruled that, “if the 1994 [restated] articles created a new corporation, ... it did not have the authority to receive the automatic vesting of the new property into ownership of the corporation.” [6] A notice of appeal was timely filed on behalf of “Greenwood Bible Deliverance Church, Inc.” Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Standard of Review
Our supreme court has recognized the following standard of review applicable to a summary judgment:
“We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Jefferson County Comm’n v. ECO Preservation Services, L.L.C., 788 So.2d 121 (Ala. 2000) (quoting Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988)). Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmov-ant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). ‘Substantial evidence’ is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw. Jefferson County Comm’n v. ECO Preservation Servs., L.L.C., supra (citing Renfro v. Georgia Power Co., 604 So.2d 408 (Ala. 1992)).”
Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala. 2000).
Discussion
The record on appeal and the appellant’s brief to this court certainly could be clearer in identifying the defendant that appeared in the action below and in identifying the appellant before this court. That said, arguments made by defense counsel below and by appellant’s counsel before this court suggest that, despite representatives of the 1994 corporation having knowledge of this litigation, the 1994 corporation *494 has not formally appeared, The appellant’s reply brief to this court asserts that representatives of the 1994 corporation'retained defense counsel to appear in the action to defend .the 1962 corporation, and it has been argued repeatedly that Ard and Sonier’s original complaint named only the .1962 corporation.as a defendant. Thus, for purposes of this opinion, we conclude that the 1962 corporation is the entity that appeared as the defendant below and has appeared as the appellant.
As noted, in their motion for a summary judgment, Ard and Sonier requested a declaration that the restated articles had been an ineffective attempt to amend the certificate of incorporation of the 1962 corporation. In support of that argument, Ard and Sonier pointed to a provision of Alabama nonprofit-corporation law that was in effect in 1994 when the restated articles were filed, which Ard and Sonier claimed required an amendment to be approved by “a majority of the members of the corporation.” Ard and Sonier asserted that, if a corporation “fails to amend' its articles of incorporation in the manner prescribed by statute, then the purported amendment is void.”[7]
In support of their suggestion that the restated articles had been intended to amend the certificate of incorporation of the 1962 corporation, Ard and Sonier relied on a copy of what appears to be the minutes of a board-of-directors meeting held in 1992, which, according to Ard and Sonier, indicated that the board of directors of the 1962 corporation had “decided to have ‘the Church incorporation papers updated.’”• Ard and Sonier also pointed out that the preamble to the restated articles stated that the board of directors “were ‘desirous of restating [the church’s] articles of incorporation under the laws of the State of Alabama.’ ”
Ard and Sonier acknowledged, however, that, in 1994, “the ‘Board of Directors’ [had] approved the adoption of a ‘[resolution Authorizing Incorporation and the Bylaws of the Greenwood Bible Deliverance Church’ ” and that the “ ‘[Resolution’ state[d], in part, that ‘Greenwood Bible Deliverance Church [will] file Articles of Incorporation under the provisions of the Alabama Nonprofit Corporation Act.’ ” (Emphasis added.) Consistently, the restated articles themselves indicate that they had been filed pursuant to the Nonprofit Corporation Act. Ard and Sonier conceded in their summary-judgment motion that the 1962 corporation had not been formed under the Nonprofit Corporation Act but was, rather, a “special purpose entity” that had been created pursuant to Title 10, Article 3, § 124 et seq., of the Alabama Code of 1940 (Recomp. 1968). Thus, Ard and Sonier’s own allegations suggested that the restated articles were not intended simply to amend the certificate of incorporation of the 1962 corporation but, rather, were intended to create a new corporation under the Nonprofit Corporation Act.[8]
*495 Even assuming that the restated articles were subjectively intended as an amendment to the certificate of incorporation of the 1962 corporation and that the restated articles were not effective in doing so, Ard and Sonier have not argued that the restate articles could not, nevertheless, create a new corporation under nonprofit corporation statutes. Indeed, Ard and Sonier expressly conceded in their summary-judgment motion, like they did in their brief to this court in the prior appeal, that the filing of the restated articles had “resulted in the creation of a new non-profit entity.” In their most recent appellees’ brief to this court, Ard and Sonier do not seriously contend that the restated articles or the bylaws are void. Rather, they rely primarily on the argument that the restated articles created the 1994 corporation but did not result in the .automatic vesting of .ownership of church property in that corporation. Based on all the circumstances, we must disagree with the trial court’s conclusion that Ard and Sonier demonstrated that they were entitled to a summary judgment declaring that the restated articles and the bylaws were “void.”
The 1962 corporation asserts that Ard and Sonier have pleaded only one theory allegedly showing the existence of a justiciable controversy, namely, that there is a dispute over governance of the church’s temporal affairs because the restated articles and bylaws are void. The 1962 corporation takes the position that Ard and Sonier cannot maintain a declaratory-judgment claim based on an unpleaded dispute over church property and an unpleaded theory that, although the restated articles created a. new corporation, there has been no transfer of church property to that corporation.
In Ex parte Burr & Forman, LLP, 5 So.3d 557 (Ala. 2008), our supreme court considered the scope of a declaratory-judgment complaint in a dispute over legal fees between law firms that had associated with one another for the purposes of pursuing mass-tort litigation. Our supreme court held that the complaint, which.-had generally described the facts underlying the dispute over legal fees, was based on contractual-based theories and was not sufficient to raise tort-based theories for recovery. .The court noted that, “ ‘[although the Alabama Rules of Civil Procedure have established notice pleading, ,.. a pleading must give fair notice, of the claim against which the defendant is called to defend.’ ” 5 So.3d at 566 (quoting Archie v. Enterprise Hosp. & Nursing Home, 508 So.2d 693, 696 (Ala. 1987)). The court also recognized that “ ‘[fit is not the duty of the courts to create a claim which thé plaintiff has. not spelled out in the pleadings.’ McCullough v. Alabama By-Prods. Corp., 343 So.2d 508, 510 (Ala. 1977).” Id The court concluded that, “[e]ven under notice pleading, the allegations of- the complaint simply cannot be construed as asserting claims sounding in tort” and that “[t]hé trial court’s purported use of the record ... to determine what claims were being asserted by the plaintiffs was inappropriate.” 5 So.3d at 567. See also Williams v. Wells Fargo Bank, N.A., 218 So.3d 816 (Ala. Civ. App. 2016) (holding that, upon' appellate review of a summary judgment in favor of a plaintiff, a counterclaimant could not recover on a breach-of-contract counterclaim that was based on ,a .particular theory, different from *496 the breach-of-contract theory that had been alleged in the counterclaim).
In the present case, Ard and Sonier’s original complaint simply did not assert that the restated articles had created a new corporation, that there was a dispute over church property, that church property had not been transferred to the 1994 corporation, and that Ard and Sonier were entitled to a judgment declaring that the 1962 corporation still owned church property. Thus, a summary judgment in favor of Ard and Sonier was rendered on a declaratory-judgment claim that has not been formally pleaded.
Ard and Sonier correctly point out that the unpleaded theory and the dispute over church property was raised by other filings in this matter, such as the motion to dismiss, Ard and Sonier’s response thereto, and Ard and Sonier’s summary-judgment motion. We are unaware, however, of authority indicating that a complaint may be deemed amended by such filings. See Kendrick v. Lewis, 88 So.3d 899, 906-07 (Ala. Civ. App. 2012) (indicating that a defendant’s reference, made in an answer and a motion for a summary judgment, to an unpleaded claim of wantonness did not “activate” such a claim or mean that such a claim had been tried by the consent of the parties pursuant to Rule 15(b), Ala. R. Civ. P.); and Fleming v. Dowdell, 434 F.Supp.2d 1138, 1148 n.9 (M.D. Ala. 2005) (“A complaint may not be amended by briefs in opposition to a motion to dismiss or motion for summary judgment .... ”). Cf. Rector v. Better Houses, Inc., 820 So.2d 75, 78-79 (Ala. 2001) (indicating that a defendant could not rely on an affirmative defense that had been briefed by the defendant and the plaintiff at the summary-judgment stage but had not been pleaded in the defendant’s answer). We also note that, notwithstanding Ard and Sonier’s assertion to the contrary on appeal, it appears to this court that neither the 1994 corporation, nor any of its purported representatives, have been made defendants in this case or have formally appeared as the parties that should have been sued.
Conclusion
Ard and Sonier did not demonstrate that they were entitled to a summary judgment declaring that the restated articles and the bylaws are void, and we are constrained to conclude that Ard and Sonier were not entitled to a summary judgment based on the unpleaded theory. We note, however, that, because the trial court vacated its order granting Ard and Sonier’s motion for leave to amend their complaint, there is no effective ruling on that motion in the record, and we express no opinion on whether Ard and Sonier would be entitled to such leave upon remand.[9] We reverse the trial court’s judgment and remand for further proceedings consistent with this opinion.[10]
REVERSED AND REMANDED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

. The record indicates that Sonier’s father, Percy Silcox, donated some of the real property to the church group.

. There has been no argument in the trial court or before this court that the 1994 corporation cannot validly exist as an independent entity because it has the same corporate name as the 1962 corporation, and this court expresses no opinion on that issue.

. We note that the appellant’s brief to this court asserts that, after commencement of this litigation, the 1994 corporation “reincorporated to add the word ‘Reformed’ to the name,” apparently to clarify matters. It is not clear from the record whether that “reincorporation’’ was simply a name change or, rather, created yet a third entity. For purposes of this appeal, the court will continue to refer to the corporation allegedly created by the restated:articles in 1994 as “the 1994 corporation.”

. We note that, although the bylaws purportedly adopted by the 1994 corporation provided that all church property "shall be deeded ’ to the Church and held in its Corporate name with signature of the President and the Secretary,” it appears undisputed that there is no deed purporting to transfer ownership of property from the 1962 corporation to the 1994 corporation.

; Rule 15(a); Ala. R. Civ. P., requires a party to obtain leave of court before amending a pleading less than 42 days before the first date set for trial. It is undisputed.that that *492 rule required Ard and Sonier to obtain leave to amend their complaint.

. It is not clear what the trial court meant by “new” property.

. Ard and Sonier provided a citation to former § 10-3A-81, Ala. Code 1975, which was a statutory provision applicable to nonprofit corporations in 1994. We note that that Code provision required an amendment to a nonprofit corporation's articles of incorporation to be approved by two-thirds of the "members entitled to vote thereon” and that, if there were no members entitled to vote, an amendment could be approved by a majority vote of a board of directors. Former § 10-3A-81(a). Finally, we note that there was a separate statutory scheme applicable to "special purpose entities,” which the parties have indicated the 1962 corporation was. That statutory scheme included former § 10-1-3, Ala. Code 1975, which governed amendments to the "charters” of corporations "not of a business character." See also § 10A-20-12.01, Ala. Code 1975.

. We also note that, as the 1962 corporation points out, Ard and Sonier conceded in their *495 appellees’ brief to this court in the prior appeal that the restated articles had created the separate and distinct 1994 corporation and that Ard and Sonier .had "assumed incorrectly" that the restated articles were intended to amend the original certificate of incorporation of the 1962 corporation.

. We also express no opinion on the validity of the election of Ard and Sonier as new trustees of the 1962 corporation.

. We note here that, at the end of its appellant's brief to this court, the 1962 corporation asserts that Ard and Sonier do not have "a real, tangible legal interest in the subject matter of the lawsuit,” an argument the 1962 corporation couches in terms of "standing.” The record, however, indicates that both Ard and Sonier claim to be members of the 1962 *497 corporation, and this court is not persuaded by the assertion that they do not have a real and tangible interest in the subject matter of this action. We also conclude that it is unnec-essaiy to consider the 1962 corporation's es-toppel argument and that its statute-of-limitations argument is unpersuasive.